IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BYRON CAMPBELL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01280-O-BP |
| | § | |
| RUTH ANNE THORNTON, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss and Brief in Support that Defendant Ruth Anne Thornton filed on December 30, 2025 (ECF Nos. 9, 10); Response that Plaintiff Byron Campbell filed on January 16, 2026 (ECF No. 12); and Reply that Thornton filed on January 30, 2026 (ECF No. 13). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** Thornton's Motion to Dismiss (ECF No. 9) and **DISMISS** Campbell's claims **WITHOUT PREJUDICE**.

## I.    BACKGROUND

Campbell sues Thornton, Director of the Child Support Division of the Office of the Attorney General of the State of Texas ("OAG"), in her individual capacity, under 42 U.S.C. § 1983. ECF No. 1. It appears that Campbell's allegations relate to a case he filed in this Court last year that contested a state award of child and medical support for his two children and subsequent state court judgment in the 233rd Judicial District Court of Tarrant County, Texas finding him in arrears. *See Campbell v. Tex. Attorney Gen.*, No. 4:24-cv-01140-O-BP, 2025 WL 1020274 at \*1 (N.D. Tex. Mar. 20, 2025), *rec. adopted*, No. 4:24-cv-01140-O-BP, 2025 WL 1019132 (N.D. Tex. Apr. 4, 2025).

In this case, Campbell alleges Thornton's "unsolicited assistance interfered with [his] ability to independently pursue [his] personal and familial welfare." ECF No. 1 at 2. He argues that Thornton unreasonably seized his notes, infringed on his right to privacy, and denied him the ability to obtain credit. *Id.* He contends that Thornton's actions deprived him of his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth amendment rights. *Id.* In the complaint, Campbell cites 42 U.S.C. § 651, a federal law authorizing appropriations for the enforcement of child support obligations, and 45 C.F.R. § 303.11 and 45 C.F.R. § 302.12, federal laws setting standards for state child support programs. *Id.* at 3. These allegations seem to resurrect his previous claims that the state award of child and medical support was inappropriate. He seeks "termination of the unsolicited assistance," zero-dollar amount of arrears, removal of the assistance from his credit history, a refund of $145,000.00 at six percent interest, $1,500,000.00 in damages, and legal fees and expenses. *Id.* at 5.

## II.     LEGAL STANDARDS

### A.      Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

### B.    *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine invokes 28 U.S.C. § 1257 in limiting federal judicial review of state court judgments to the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale is "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke*, 18 F.3d at 317 (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)).

*Rooker-Feldman* does not apply, however, until "a party suffer[s] an adverse final judgment rendered by a state's court of last resort." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). A party

proceeding in Texas state court suffers such a judgment if the Texas Supreme Court disposes of that party's petition for review of a state court decision. *Compare id*. at 495 (*Rooker-Feldman* did not apply because petition for review was pending before Texas Supreme Court), *with Batista v. Carter*, No. H-19-113, 2019 WL 1586773, at *3 n.7 (S.D. Tex. Apr. 12, 2019) (citing *Gross*, 736 F. App'x at 494) (*Rooker-Feldman* applied because Texas Supreme Court had denied petition for review), *aff'd*, 796 F. App'x 209 (5th Cir. 2020); *see also* Tex. R. App. P. 53.1 (discussing petitions for review). If applicable, *Rooker-Feldman* prohibits the losing party in state court from suing in federal district court to overturn the state court decision, as federal judicial review then rests solely with the United States Supreme Court. *Exxon Mobil Corp*., 544 U.S. at 291.

### C.  *Younger* Abstention Doctrine

Federal courts generally must decide cases within their jurisdiction. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

D.     *Pro Se* **Standard**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends that suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

III.    **ANALYSIS**

A.     **The *Rooker-Feldman* Doctrine applies to Campbell's claims.**

Campbell seeks relief from the "unsolicited assistance" of Thornton, seemingly relating to his obligations under the state court child and medical support orders. *See* ECF No. 1 at 2, 3

(citing child support statutes, referring to the "financial bonds between [him] and [his] human offspring," and stating he did not pay a $35.00 fee, likely a reference to the annual service fee deducted from certain child support payments (*See* Child Support Fees, Tex. Off. of the Att'y Gen., https://www.texasattorneygeneral.gov/child-support/get-started/child-support-fees (last visited Feb. 5, 2026))). Campbell also requests a refund of the previous award with interest, zero-dollar arrears, credit history removal, and damages and fees.

Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction over such a collateral attack on a final state court judgment. *Liedtke*, 18 F.3d at 317. "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). Campbell's recourse in such cases is "with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court." *Liedtke,* 18 F.3d at 318.

The Court takes judicial notice that the state court order that Campbell seeks relief from was entered in 2014, and Campbell did not appeal it to the state court of appeals. *See* Texas Judicial Branch Case Search, https://search.txcourts.gov/CaseSearch.aspx?coa=coa02 (last accessed February 5, 2026); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (holding that courts may take judicial notice of matters of public record); *see also* Fed. R. Evid. R. 201. The deadline for Campbell to appeal to the state court of appeals has long since passed. Tex. R. App. P. 26.1(a) (In a civil case, "[t]he notice of appeal must be filed within 30 days after the judgment is signed.").

"The *Rooker-Feldman* doctrine bars a district court from exercising subject matter

jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment." *Morris v. Am. Home Mortg. Servicing, Inc*., 443 F. App'x 22, 24 (5th Cir. 2011) (citing *Exxon Mobil Corp.*, 544 U.S. at 291); *see also Liedtke*, 18 F.3d at 317. The doctrine applies to "cases brought by [the losing party in] state-court [] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. Dismissals under the *Rooker-Feldman* doctrine should be without prejudice since the doctrine deprives the Court of subject matter jurisdiction over the plaintiff's claim. *Wise v. Wilmoth*, No. 3:16-cv-1039-M-BH, 2017 WL 3267924, at *5-6, *17 (N.D. Tex. July 3, 2017), *rec. adopted* 2017 WL 3267727 (N.D. Tex. July 31, 2017).

Although Campbell does not assert that he seeks to overturn the state court order, that is the thrust of this case, couched as a § 1983 suit for damages. The *Rooker-Feldman* doctrine prohibits such a collateral attack. *Evans v. Williamson Cnty. Gov't*, No. A-15-cv-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (concluding the court lacked subject matter jurisdiction under *Rooker-Feldman* because the plaintiff's claims were "actually a collateral attack on the validity of the orders in state child custody proceedings, as well as the validity of those proceedings themselves"), *rec. adopted*, No. A-15-CA-436-SS, 2015 WL 4624708 (W.D. Tex. July 31, 2015).

### B.  *Younger* **abstention also applies.**

Even if *Rooker-Feldman* did not apply, the Court should abstain from exercising subject matter jurisdiction under the *Younger* doctrine. *See Younger* 401 U.S. 37; *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019) (analyzing *Rooker-Feldman* and *Younger* as alternative bases for dismissal for lack of subject

matter jurisdiction), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires *sua sponte* abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy*, 168 F.3d at 737 n.1 (authorizing *sua sponte* abstention).

Here, the Court should abstain because all three conditions are met. Continuation of this case would interfere with the state court proceedings because the very relief Campbell requests interferes with the original child support order and subsequent enforcement actions. ECF No. 1 at 5. Moreover, family and child custody and support issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (emphasizing "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts."). Finally, the state court action, and the right to appeal an adverse judgment to the applicable state appellate court, afforded Campbell an adequate opportunity to litigate his claims. *See Middlesex Cnty.*, 457 U.S. at 435. As a result, Campbell had an adequate opportunity in state court to appeal the child support order or to seek injunctive relief from its enforcement.

Providing relief from the child and medical support order in the form of "refunding" a previous award with interest, zeroing an arrears balance, and awarding damages, all would require

the Court to rule on the validity of a state case. *See* ECF No. 1 at 5. Therefore, the Court should abstain from ruling under the *Younger* doctrine and any constitutional questions regarding the validity of the judgment must be brought in state court. On the facts presented, even if the *Rooker-Feldman* doctrine did not apply, Campbell has not shown any reason that abstention would not be inappropriate.

Accordingly, the Court should abstain from entertaining his claims under *Younger* and dismiss his claims against Thornton under Rule 12(b)(1) without prejudice. *See Foster v. City of El Paso*, 308 F. App'x 811, 1 (5th Cir. 2009) (dismissal under *Younger* abstention is without prejudice). Because the Court lacks subject matter jurisdiction over Campbell's claims, the undersigned does not address the substantive points of Thornton's Motion under Rule 12(b)(6). *See Ramming*, 281 F.3d at 161; *see also Exxon*, 544 U.S. at 291 (finding that the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1)).

## IV.    CONCLUSION

Because the *Rooker-Feldman* Doctrine and *Younger* abstention bar Campbell's claims against Thornton, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 9) and **DISMISS** Campbell's claims **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on February 5, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE